IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
March 24, 2025
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**REGINA MCLAUGHLIN,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-343**   (Fam. Ct. Marion Cnty. Case No. FC-24-2012-D-79)

**JOSEPH M. COLE,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Regina McLaughlin ("Mother") appeals the Family Court of Marion County's July 25, 2024, order finding her in contempt for her failure to pay child support. Respondent Joseph M. Cole ("Father") responded in support of the family court's decision.[1] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Mother and Father divorced by order entered April 2, 2013. They share three children, all of whom have reached the age of majority.[2] At the time of the divorce, the family court entered a parenting plan wherein the children resided primarily with Mother but had parenting time with Father on the first, second, and fourth weekends of each month. On February 24, 2023, Father filed a petition for modification of the parenting plan and incorporated a motion for immediate ex parte relief. The family court granted Father's motion for ex parte relief and ordered the two children to reside solely with Father. The ex parte hearing was scheduled for March 16, 2023. On March 10, 2023, Mother filed a motion for continuance on the basis that she needed additional time to recover from surgery as well as to obtain new counsel. At the March 16, 2023, hearing, Mother did not object to the children residing solely with Father, and Father was granted sole decision-making authority. Mother was ordered to pay Father $266.71 per month in

---

[1] Mother is self-represented. Father is represented by Samantha L. Koreski, Esq.

[2] Father filed his petition for modification and motion for immediate ex-parte relief before the children reached the age of majority.

1

child support. The final order modifying parenting and child support was entered on April 28, 2023. Thereafter, Mother failed to pay her monthly child support obligation.

On June 28, 2023, Mother submitted a notice of substitution of counsel requesting the withdrawal of her attorney, Richard J. Walters, and noting self-representation "until suitable representation can be retained."

On July 27, 2023, Mother filed a motion for reconsideration of the April 28, 2023, final order. A hearing was scheduled on Mother's motion for August 14, 2023, but neither Mother nor her counsel appeared, and the hearing was rescheduled for September 27, 2023. At the hearing on September 27, 2023, Mother's counsel, Richard Walters, stated that his bar license was inactive and requested to withdraw. No party objected, and he was relieved as her counsel. The court then asked Mother to proceed with her case pro se. However, Mother had a medical emergency, and the hearing was continued with the requirement that Mother provide written documentation from her medical provider that she was medically unable to attend the hearing, and that she would be medically cleared to attend a future hearing. The order reflecting those requirements was entered on September 28, 2023.

On December 8, 2023, the family court entered an order dismissing "all pending motions, filed by either party" due to all children attaining the age of majority.

On March 22, 2024, Father filed a petition for contempt against Mother based upon her failure to pay child support. The contempt hearing was held on July 22, 2024, and Mother was represented by new counsel. At that hearing, an arrearage sheet from the Bureau for Child Support Enforcement ("BCSE") was entered into evidence showing Mother's past due child support balance. Mother entered a letter from West Virginia University ("WVU") Medicine into evidence to show that she was receiving medical treatment. She testified that she was unable to work, did not have an income, and owned no assets besides her 2023 Hyundai Tucson that was purchased in the fall of 2023. The court ruled from the bench that Mother was not in contempt. However, on July 23, 2024, the family court judge sent a letter to both parties stating that, after giving the matter further consideration, Mother *would* be held in contempt, but given her inability to pay, there would be no purge requirement nor sanctions. The court entered its order on July 25, 2024, with the following findings of fact and conclusions of law:

- Mother paid no child support after the entry of the April 28, 2023, order.
- Mother did not appeal or file a motion for reconsideration of the April 28, 2023, order.
- At the time of the July 22, 2024, hearing, Mother had been denied social security benefits due to not completing the necessary paperwork.
- Mother relies on her new husband's income to meet her basic needs.
- Mother testified that she was diagnosed with diabetes, anxiety, depression, and non-specific white matter deposits on her brain which

2

affected her cognitive functioning, and that she was prescribed twelve different medications.

- Mother went on a vacation in 2023.
- Mother is in contempt for failing to establish that she was unable to pay child support at the time of the entry of the April 28, 2023, order.
- Due to Mother's inability to purge the contempt, no purge was ordered, and no sanctions were entered.
- Upon receipt of any income, it shall be promptly reported to the BCSE, at which time the BCSE may seek a purge requirement.
- Father was granted a $4,000.65 judgment against Mother, plus interest.

It is from the July 25, 2024, order that Mother now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Mother raises seven assignments of error on appeal. Because the second and seventh assignments of error are similar, we will combine them. *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating assignments of error).

First, Mother asserts that the family court failed to inquire about her ability to pay. We disagree. Upon our review of the video from the hearing, the family court heard testimony from Mother that she was unable to work, did not have an income, owned no assets besides her 2023 Hyundai Tucson, and relied on her husband to provide her necessities. The family court also ruled that Mother would not be sanctioned and there would be no purge requirement for failing to pay child support due to her inability to pay. Therefore, we affirm the family court on this assignment of error.

In her second and seventh assignments of error, Mother contends that there were procedural failures and irregularities leading up to the final hearing which negatively impacted her ability to represent herself, and that the family court's findings were inconsistent and duplicative. Specifically, Mother argues that process was served twice—in two jurisdictions—which caused her confusion. We disagree. Mother failed to articulate

3

how being served the summons and petition twice negatively affected her in any way. The record reflects that the documents were identical and that Mother timely filed her answer. Therefore, if any confusion were caused, we find that it would amount to harmless error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Further, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claims defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Here, because Mother failed to articulate how her case was negatively affected, we find no basis in law to warrant relief for these assignments of error.

Next, as her third assignment of error, Mother argues that the family court overlooked Mother's motion for reconsideration and that the July 25, 2024, order falsely states that no motion to reconsider was ever filed. This argument lacks merit. Mother was given two opportunities to address her motion for reconsideration. The first hearing was scheduled on August 14, 2023, but Mother failed to appear. The second hearing was scheduled for September 27, 2023, but it concluded early due to Mother having a medical emergency. The family court entered an order on September 28, 2023, continuing the hearing with the requirement that Mother submit documentation from a medical provider showing that she could participate in a hearing. There is nothing in the record reflecting that Mother followed the court's directive. Therefore, we conclude that Mother's motion for reconsideration was not overlooked by the family court. Rather, she failed to comply with the family court's instructions.

Fourth, Mother asserts that the family court erroneously failed to fully consider her medical evidence. In support of her argument, she contends that she submitted medical records which documented her inability to work. While the record reflects that Mother submitted letters from WVU, only one letter was presented during the hearing. Further, Father objected to Mother's letter from WVU as hearsay because no witness was present from WVU to authenticate it, and the family court properly sustained the objection. *See* W. Va. Code § 51-2A-8(b) (2017) (setting forth that the West Virginia Rules of Evidence apply to family court proceedings). Even though not all of Mother's evidence was admitted into evidence, the record shows that the family court heard substantial testimony regarding Mother's various health problems and current medications. Therefore, we find that the family court did fully consider Mother's admissible medical evidence.

In her fifth assignment of error, Mother contends that the family court erroneously changed its decision after the hearing. This argument lacks merit. While the family court did change its ruling after the hearing, such a decision was not erroneous. The Supreme Court of Appeals of West Virginia ("SCAWV") has consistently held that "a court speaks only through its orders." *See Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581

(2006). When presented with the issue of a trial court's statements from the bench differing from the subsequently written order, the SCAWV held, "we find in this case that the defendants' concerns of the difference between the circuit court's ruling from the bench and the subsequent written order have no merit." *Id.* (quoting *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97, 107, 459 S.E.2d 374, 384 (1995)). Therefore, we find no error or abuse of discretion by the family court.

Sixth, Mother argues that the family court failed to properly document her counsel's removal and reappointment. We disagree. The record reflects that that family court not only provided time for Mother to seek counsel but allowed her counsel to withdraw without filing a proper motion. Significantly, Mother had representation for the final hearing. Thus, we apply the same rationale that we applied to Mother's second and seventh assignments of error and find any error committed by the family court in this regard to be harmless.

Accordingly, we affirm the family court's July 25, 2024, order.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5